The STATE of Ohio, Appellee,

v.

GOPP, Appellant.

[Cite as *State v. Gopp,* 154 Ohio App.3d 385, 2003-Ohio-4908.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 03CA0018.

Decided Sept. 17, 2003.

Martin Frantz, Wayne County Prosecuting Attorney, and Jocelyn Stefancin, Assistant Prosecuting Attorney, for appellee.

Clarke W. Owens, for appellant.

SLABY, Presiding Judge.

{¶ 1} Defendant, Clayton G. Gopp, appeals from the judgment of the Wayne County Court of Common Pleas, which convicted him of rape and adjudicated him a sexual predator. We affirm in part and reverse and remand in part.

{¶ 2} On October 2, 2002, defendant was indicted on two counts of rape, in violation of R.C. 2907.02, and two counts of sexual battery, in violation of R.C. 2907.03. Defendant entered a guilty plea to the counts of rape. Thereafter, the charges relating to sexual battery were dismissed.

{¶ 3} A sentencing and sexual predator hearing was subsequently held by the trial court. Defendant was adjudicated a sexual predator and sentenced accordingly. Defendant timely appealed, raising four assignments of error for review.

ASSIGNMENT OF ERROR I

"The offenses were allied offenses of similar import, and therefore it is plain error for defendant to be sentenced for both."

{¶ 4} In his first assignment of error, defendant avers that it was plain error to be sentenced for two counts of rape because they were allied offenses of similar import. We disagree.

{¶ 5} The Double Jeopardy Clause of the United States and Ohio Constitutions protects a defendant from receiving multiple punishments for the same offense. This principle was reinforced through the enactment of R.C. 2941.25. *State v. Urbin*, 148 Ohio App.3d 293, 2002-Ohio-3410, 772 N.E.2d 1239, at ¶ 42–43. That statute provides:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them." R.C. 2941.25.

{¶ 6} The Ohio Supreme Court has created guidelines for determining whether crimes constitute allied offenses. *State v. Jones* (1997), 78 Ohio St.3d 12, 13, 676 N.E.2d 80. If the elements of the various crimes "correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import[.]" Id. When gauging the interrelation and similarity of the offenses, the abstract elements of the crimes are to be compared. *Urbin*, 148 Ohio App.3d 293, 772 N.E.2d 1239, at ¶ 45, citing *State v. Rance* (1999), 85 Ohio St.3d 632, 636–637, 710 N.E.2d 699. See, also, *State v. Myers* (Apr. 4, 2001), 9th Dist. No. 3078–M, at 6, 2001 WL 324397. If the elements do not correspond, the offenses are dissimilar and the court's inquiry ends; multiple convictions are permitted. R.C. 2941.25(B). See *State v. Nixon* (Apr. 25, 2001), 9th Dist. Nos. 00CA007624 and 00CA007638, at 24, 2001 WL 422885. Only when the crimes are found to be of similar import will the court then determine whether the defendant committed those offenses separately or with a separate animus. *Rance*, 85 Ohio St.3d at 636, 710 N.E.2d 699; *Nixon*, supra, at 24. In this step, the defendant's conduct is reviewed to determine whether he can be convicted of both offenses; if the court finds that the crimes were committed separately or with separate animus, the defendant may be convicted of both offenses. *State v. Blankenship* (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816.

{¶ 7} In this case, defendant was convicted of two counts of rape; however, each count referred to a separate occurrence. Defendant himself provided a written statement to law enforcement authorities that indicated that he vaginally

raped his daughter on two occasions in 2002. Additionally, defendant admitted the same to Dr. James J. Karpawich, of the Forensic Diagnostic Center, during an interview for sentencing purposes. Defendant now maintains that "it is not clear that two separate incidents are tied to the indicted counts" because the counts in the indictment contain the same language.

{¶ 8} As defendant failed to raise this R.C. 2941.25 issue at the trial court level, he therefore asserts that the issue should be reviewed under the plain error doctrine. However, regardless of whether defendant waived the R.C. 2941.25 issue on appeal, his convictions for rape are not allied offenses of similar import. Pursuant to R.C. 2941.25(B), when a defendant's conduct results in two or more offenses of the same kind but each is committed separately, the defendant may be convicted for each act. *State v. Barth* (July 30, 1993), 4th Dist. No. 92 CA 22, 1993 WL 303246. See, also, *State v. Rygelski* (Nov. 17, 1988), 8th Dist. Nos. 54557 and 54558, 1988 WL 122946 (stating that courts that find convictions not to be allied offenses stress that they were separate acts distinct in time and sequence). Upon review, we find that there was evidence presented indicating that defendant was convicted and sentenced for the two separate acts of rape that defendant openly admitted had occurred. Thus, because the offenses were committed separately, R.C. 2941.25 did not prevent the imposition of two sentences upon defendant for the crime of rape. See *State v. Gowdy* (June 26, 1998), 1st. Dist. No. C–970359, 1998 WL 337042. Accordingly, defendant's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

"The sexual predator finding was contrary to law."

█ {¶ 9} In his second assignment of error, defendant maintains that the sexual predator classification was contrary to law. Specifically, defendant argues that the trial court did not comply with the statutory requirements contained in R.C. 2950.09(B)(4) and (E)(2) when adjudicating him a sexual predator. For the reasons stated below, defendant's assignment of error is well taken.

{¶ 10} In the present matter, defendant was classified a sexual predator. However, the judgment entry of sentencing does not comply with R.C. 2950.09(B)(4), which provides that the court "shall specify in the offender's sentence and the judgment of conviction that contains the sentence * * * that the court has determined that the offender * * * is a sexual predator and shall specify that the determination was pursuant to division (B) of this section." Although the judgment entry in this case does not refer to defendant's sexual predator status or the factors used in determining his status, the "Judgment Entry and Notice of Duties to Register as an Offender of a Sexually Oriented Offense" reveals that defendant is classified as a sexual predator. In that

document, the trial court checked the box indicating that defendant had a duty to register, pursuant to R.C. 2950.04, as a sexual predator. This does not comply with the mandate in R.C. 2950.09(B)(4). See *State v. Cathcart*, 3d Dist. No. 17–02–20, 2002-Ohio-6593, 2002 WL 31716647, at ¶ 30 (finding that the trial court's judgment entry of sentencing did not comply with R.C. 2950.09[B][4], which provides that "the court 'shall specify in the offender's sentence and the judgment of conviction that contains the sentence' that the court has determined that the offender is a sexual predator and shall specify that the determination was pursuant to R.C. 2950.09[B]").

{¶ 11} Furthermore, the trial court did not expressly make a habitual sex-offender finding in accordance with R.C. 2950.09(E). When an individual has been convicted of or pled guilty to a sexually oriented offense, the statute specifically requires the trial court to make a finding regarding an offender's status as a habitual sex offender. *State v. Rhodes*, 7th Dist. No. 99 BA 62, 2002-Ohio-1572, 2002 WL 924450, at ¶ 41. "This finding must be made regardless of whether the offender was already adjudicated as a sexual predator for the commission of the sexually oriented offense[,]" as the offender may be adjudicated a sexual predator and habitual offender for the same offense. Id.

{¶ 12} In the present case, defendant was convicted of rape, a sexually oriented offense. See R.C. 2950.01(D)(1); *State v. Razzano*, 9th Dist. No. 02CA008054, 2002-Ohio-5262, 2002 WL 31175406, at ¶ 10. Accordingly, the R.C. 2950.09(E) requirements are applicable. Although the trial court did not mark the box designated "habitual sex offender" in the judgment entry, this inaction fails to satisfy the mandate of R.C. 2950.09(E). See *Cathcart* at ¶ 30; *Rhodes* at ¶ 41; *State v. Cechura* (May 8, 2001), 7th Dist. No. 99 CO 74, 2001 WL 503198, at ¶ 65 (finding that " R.C. 2950.09[E] requires the court to specifically state that appellant is not a habitual sexual offender"). The sentencing court must expressly make a habitual-offender determination, regardless of whether the court found the offender to be a sexual predator. As the trial court failed to comply, we must sustain defendant's second assignment of error.

## ASSIGNMENT OF ERROR III

"The imposition of maximum sentences was not supported by the record, or was otherwise contrary to law."

{¶ 13} In his third assignment of error, defendant maintains that the maximum sentence he received was imposed contrary to the requirements of the law. Defendant's assignment of error lacks merit.

{¶ 14} An appellate court may remand a matter to the trial court for resentencing if it finds that the trial court clearly and convincingly acted contrary to law.

R.C. 2953.08(G)(2)(b). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *State v. Eppinger* (2001), 91 Ohio St.3d 158, 164, 743 N.E.2d 881, quoting *Cross v. Ledford* (1954), 161 Ohio St. 469, 477, 53 O.O. 361, 120 N.E.2d 118.

{¶ 15} The overriding purpose of felony sentencing is to punish the offender and to protect the public from future criminal acts. R.C. 2929.11. R.C. 2929.12 provides that the trial court shall consider certain factors relating to the seriousness of the offender's conduct and others relating to the likelihood of the offender's recidivism. The Ohio Supreme Court has held that R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors. *State v. Arnett* (2000), 88 Ohio St.3d 208, 215, 724 N.E.2d 793. See *State v. Neptune* (Nov. 14, 2001), 9th Dist. No. 3171–M, 2001 WL 1421854, at 4.

{¶ 16} A trial court may impose the maximum prison term upon an offender if he falls into one of four categories: (1) those offenders committing the worst forms of the offense; (2) those posing the greatest likelihood of committing future crimes; (3) certain major drug offenders as provided in R.C. 2929.14(D)(3); and (4) certain repeat violent offenders as provided in R.C. 2929.14(D)(2). R.C. 2929.14(C). When imposing a maximum sentence, "the trial court must make a finding with respect to one of the four categories and specify its reasons for imposing the maximum sentence." *State v. Newman,* 9th Dist. No. 20981, 2002-Ohio-4250, 2002 WL 1906554, at ¶ 8, citing R.C. 2929.19(B)(2)(d). See, also, *State v. Edmonson* (1999), 86 Ohio St.3d 324, 329, 715 N.E.2d 131. Recently, the Supreme Court of Ohio has held that these findings and reasons must be given orally by the court at the sentencing hearing before a maximum sentence can be imposed. See *State v. Comer,* 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, at ¶ 26 (finding that "the rationale supporting [the] holding that findings and reasons must be given by the court before imposing consecutive sentences at the sentencing hearing applies with equal force to the length of sentences").

{¶ 17} In this case, defendant appeals from the maximum sentence he received for his rape convictions. Upon a review of the record, we find that the trial court articulated the reasons and findings underlying its imposition of the maximum sentence. When sentencing defendant to the maximum sentence for rape, the trial court stated that it had considered the relevant factors and remarked:

"[T]he [c]ourt finds that it would demean the seriousness of the offense to give the minimum here, despite the fact that [defendant] [has] no criminal record. This involved continuing sexual activity with [defendant's] daughter first when she was nine-years-old then that continued for several years then it stopped then these incidents occurred. * * * But given the continuing course of

conduct, given the fact that this involved [defendant's] own daughter and it was done by force or threat of force, it would certainly demean the seriousness of the offense to give the minimum sentence. And also not protect the public from [defendant] doing this again, because there is also that concern. * * * [T]o give [defendant] the maximum sentence the [c]ourt has to find that this is the worst form of the offense. * * * [The court] think[s] the argument can be made that the maximum should be given here. * * * [W]hat could be worse than these * * * it's hard to imagine what could be worse than what [defendant] did to [his] daughter and as already pointed out the rest of [his] family, [his] other children. From reading their letters, this isn't something that just impacted [defendant's] daughter, [his] other children, [his] wife, and all family members."

{¶ 18} After a thorough review of the record, we find that the trial court made the necessary findings in order to impose the maximum sentence. The reasons stated at the sentencing hearing are sufficient to satisfy the statutory requirements to impose the maximum sentence. The judge indicated that defendant had committed the worst form of the offense of rape and supported his determination with sufficient reasons. See R.C. 2929.19(B)(2)(d). Thus, it is clear that the court complied with the statutory requirements for imposing a maximum sentence.

{¶ 19} Consequently, we do not find that the record contains clear and convincing evidence that the trial court acted contrary to the law when sentencing defendant to the maximum terms. Accordingly, defendant's third assignment of error is overruled.

### ASSIGNMENT OF ERROR IV

"The imposition of consecutive sentences was unsupported by the record, or was otherwise contrary to law."

{¶ 20} In his fourth assignment of error, defendant argues that the trial court erred when it sentenced him to serve consecutive sentences for his rape convictions. Specifically, defendant argues that the consecutive sentences are not supported by the record and that the trial court failed to clearly state the reasons for imposing consecutive sentences. Defendant's assignment of error is not well taken.

{¶ 21} R.C. 2929.14(E)(4) provides for consecutive sentences if "the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following: (a) [t]he offender

committed * * * the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under post-release control for a prior offense[;] (b) * * * [t]he harm caused by * * * the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the course of conduct adequately reflects the seriousness of the offender's conduct[;] (c) [t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶ 22} Additionally, R.C. 2929.19(B)(2)(c) requires the trial court to state its reasons for imposing consecutive sentences under R.C. 2929.14. If a trial court fails to make the required findings, the appellate court "shall remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings." R.C. 2953.08(G)(1). The Supreme Court has recently held that "pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." *Comer* at paragraph one of the syllabus.

{¶ 23} At the sentencing hearing, the court highlighted the reasons for imposing consecutive sentences. The court indicated that it was concerned that defendant would engage in this type of offense in the future and therefore felt that the protection of the public warranted consecutive sentences. Moreover, the trial court stated:

"The statute says that the court can run the terms consecutively if the court finds that * * * consecutive sentences are not disproportion[ate] to the seriousness of [defendant's] conduct and to the danger [defendant] [poses] to the public, and that the harm caused by these * * * two offenses that [defendant] pleaded guilty to [were] so great [and] unusual that no single prison term for either of the offenses committed, as part of a single course of conduct, adequately reflects the seriousness of the offender['s] conduct. And again, for the reasons given * * * [this court] think[s] that consecutive sentences are warranted in this case. It just doesn't get any more serious than what [defendant] did to [his] daughter. The [c]ourt does have serious concerns about what [defendant is] going to do when [he gets] out[.]"

{¶ 24} Thus, the trial court satisfied the first requirement under R.C. 2929.14(E)(4), and the court's statement at the sentencing hearing reflects the additional findings, required by R.C. 2929.14(E)(4), that must be made when imposing consecutive sentences. These remarks demonstrate the court's concern that the harm caused by the offenses was so great that no single prison term "adequately reflects the seriousness of the offender's conduct." See R.C. 2929.14(E)(4)(b). Thus, the court followed the statutory mandate when it sen-

tenced defendant to consecutive sentences. Accordingly, defendant's fourth assignment of error is therefore overruled.

{¶ 25} Defendant's first, third, and fourth assignments of error are overruled. The second assignment of error is sustained. The judgment of the Wayne County Court of Common Pleas is remanded to the trial court with instructions to specifically state that its determinations were made pursuant to R.C. 2950.09(B), and to also include the language that defendant was not adjudicated a habitual sex offender. See R.C. 2950.09(B)(4); R.C. 2950.09(E)(2).

> Judgment affirmed in part,
> reversed in part
> and cause remanded.

CARR and BATCHELDER, JJ., concur.