OPINION
{¶ 1} Defendant-appellant Jesus Casas appeals from his conviction and sentence on two counts of Trafficking in Marijuana. Casas contends that the consecutive sentences imposed by the trial court are contrary to law and unsupported by the record, and also that the trial court did not make the findings required by R.C. 2929.14(E)(4).
 {¶ 2} The State confesses error with respect to the trial court's failure to have made the requisite statutory findings, and contends that the appropriate remedy is to remand this cause to the trial court for re-sentencing. We agree with the State. Accordingly, the judgment of the trial court is reversed, and this cause is remanded to the trial court for resentencing in accordance with this opinion.
 I {¶ 3} Casas was charged with two counts of Trafficking in Marijuana. He pled guilty, and was sentenced to two years imprisonment on Count One, and three years imprisonment on Count Two, to be served consecutively. From his conviction and sentence, Casas appeals.
 II {¶ 4} Casas's assignments of error are as follows:
 {¶ 5} "APPELLANT'S SENTENCE IS CONTRARY TO LAW AND UNSUPPORTED BY THE RECORD AS TO THE IMPOSITION OF CONSECUTIVE SENTENCES.
 {¶ 6} "APPELLANT'S SENTENCE IS CONTRARY TO LAW AND UNSUPPORTED BY THE RECORD, AS THERE IS NO INDICATION THAT THE COURT PROPERLY CONSIDERED RELEVANT STATUTORY GUIDELINES WHEN IMPOSING THE SENTENCE."
 {¶ 7} In connection with his second assignment of error, Casas contends that the trial court failed to make the findings required by R.C. 2929.14(E)(4) for the imposition of consecutive sentences. These include a finding that consecutive sentences are "necessary to protect the public from future crime or to punish the offender," that consecutive sentences "are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and that one of three specified factors applies, one of which is that "the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 8} As the State notes, the trial court is also required, when imposing consecutive sentences, to state the reasons upon which it bases those findings. R.C. 2929.19(B)(2)(c). As the State notes, "the record must contain some indication, by use of specific operative facts, that the court considered the statutory factors in its determination." Statev. Martin (2000), 140 Ohio App.3d 326, 334, 740 N.E.2d 318.
 {¶ 9} The State concedes that the trial court did not provide sufficient findings under the statute, and the State further concedes that the trial court did not give sufficient reasons for its findings. The State argues that the appropriate remedy is not to make an independent determination, at least at this time, whether the findings required by the statute are supported by this record, but to reverse the sentence, and remand this cause to the trial court for re-sentencing, in accordance with the statute.
 {¶ 10} We agree with the State. R.C. 2953.08(G)(1) deals with the specific situation where a trial court is required to make findings by R.C. 2929.14(E)(4), and fails to state the required findings on the record. That statute, R.C. 2953.08(G)(1), provides that the appropriate relief on appeal is to remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings.
 {¶ 11} Upon remand, the trial court may decide that it cannot make the necessary findings, in which event it may then impose an appropriate sentence. In any event, we agree with the State that the proper relief on appeal is to reverse the sentence and remand this cause for re-sentencing in accordance with the statute.
 {¶ 12} We note that during the sentencing hearing, the trial court commented upon the fact that Casas came from another jurisdiction, Texas, and committed these offenses in Ohio, apparently considering this as a factor in support of a more severe punitive sanction. Casas contends that this was not an appropriate consideration. We agree. We find nothing in the sentencing statutes to suggest that a criminal defendant's place of origin is a proper sentencing consideration, or that persons from jurisdictions other than Ohio should be dealt with more severely, or, for that matter, less severely, than persons from Ohio.
 {¶ 13} Casas's Second Assignment of Error is sustained, and his First Assignment of Error is overruled as moot.
 III {¶ 14} Casas's Second Assignment of Error having been sustained, and his First Assignment of Error having been overruled as moot, the judgment of the trial court is Reversed, and this cause is Remanded for resentencing in accordance with this opinion.
GRADY and YOUNG, JJ., concur.