{¶ 71} I whole-heartedly agree with the majority's analysis of appellant's assignments of error. However, rather than vacating the sentence imposed upon appellant and remanding this matter for resentencing, I would simply remand this matter to the common pleas court for the purpose of stating the required findings on the record, as required by R.C. 2953.08(G)(1).
 {¶ 72} Even though the legislature amended R.C. 2953.08(G) more than three years ago, we have neglected to incorporate this important change into our disposition of sentencing matters. But see State v. Gopp (2003), 154 Ohio App.3d 385, 392,2003-Ohio-4908, ¶ 22; State v. Casas, Montgomery App. No. 18768, 2003-Ohio-5721; State v. Kennedy, Montgomery App. No. 19635, 2003-Ohio-4844, ¶ 8 (recent cases discussing the amended statute). Under R.C. 2953.08(G)(1), if the sentencing court fails to state on the record the findings necessary to, e.g., impose a prison term upon a fourth or fifth degree felony offender, impose community control when there is a presumption that a prison term is necessary, impose consecutive terms of imprisonment for multiple offenses, or grant judicial release, the appellate court "shall remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings." The proceeding in this type of remand is supplemental to the original sentencing hearing. Only when the appellate court "clearly and convincingly finds" that the record does not support findings actually made by the trial court, or that the sentence is otherwise contrary to law, may the appellate court modify or vacate the sentence and remand for resentencing. R.C.2953.08(G)(2). Because we have found that the common pleas court here did not state the required findings on the record, the appropriate outcome should be a simple remand for the purpose of stating the findings and reasons for imposing consecutive sentences, pursuant to R.C. 2953.08(G)(1).
 {¶ 73} We do a grave disservice to finality principles when we reverse and remand for resentencing in cases in which the sentence is not necessarily incorrect, but only incomplete. In my view, we should demand a record containing the findings necessary to support the sentence imposed, then review the correctness of that sentence, rather than reopen the entire sentencing proceeding and ask the common pleas court to reconsider a decision which we did not find to be wrong.[1] Therefore, I concur and dissent.
This cause is affirming the conviction in part, vacating the sentence and remanding for resentencing.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] This procedure will undoubtedly delay the final disposition of some appeals. Instead of disposing of the appeal, a remand for findings presumably leaves the appeal pending. Once the common pleas court returns the case to us, the parties may need to be given leave to supplement the briefs to address the additional new findings. A supplemental journal entry and opinion may then need to be issued. In my view, however, this delay in a single appeal is both statutorily mandated and preferable to the multiple appeals now allowed when appellate courts vacate and remand cases for resentencing upon finding that the trial court has failed to make complete findings on the record.
Of course, no remand would be needed in cases in which the appellate court requires a new trial or a new sentencing hearing. In that case, the common pleas court's failure to make all of the findings necessary to support its sentence would be moot.