OPINION
{¶ 1} This is an appeal from Appellant's conviction on ten counts of rape, five counts of gross sexual imposition, and four counts of sexual battery and one count of corruption of a minor and his classification as a sexual predator.
{¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} On September 12, 2003, Appellant was indicted by the Licking County Grand Jury on ten counts of rape, five counts of gross sexual imposition, five counts of sexual battery, and one count of corruption of a minor.
{¶ 4} The victims in this case were Appellant's 15 and 11 years old stepdaughters.
{¶ 5} On March 31, 2004, Appellant entered pleas of guilty to two of the charges of gross sexual imposition and no contest to all of the remaining charges with the exception of one count of sexual battery which was dismissed by the State.
{¶ 6} A sentencing hearing was held on May 19, 2004, wherein Appellant was sentenced to a total prison term of fourteen (14) years.
{¶ 7} The trial court imposed a three year sentence on each of the ten counts of rape with three of the sentences to be served consecutively to one another and concurrently with the remaining seven rape counts; two year sentences were imposed on each of the GSI counts to be served concurrently to one another but consecutive to the rape sentences; two year sentences were also imposed on each of the counts of sexual battery with such sentences to run concurrent with one another but consecutive the rape and GSI sentences; and a one year sentence was imposed on the sole count of corruption of a minor, with such sentence also ordered to be served consecutively to the other sentences.
{¶ 8} A sexual predator hearing was also conducted on that date in accordance with Revised Code Chapter 2950 resulting in Appellant being classified as a sexual predator.
{¶ 9} It is from this sentence and classification Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR
{¶ 10} "I. The trial court erred by sentencing defendant/appellant to consecutive sentences.
{¶ 11} "II. The trial court's finding that appellant should be classified as a sexual predator is against the manifest weight of the evidence because the state presented insufficient evidence, as a matter of law, to prove by clear and convincing evidence that appellant is likely, in the future, to engage in one or more sexually oriented offenses. The trial court therefore erred by finding defendant/appellant to be a sexual predator.
{¶ 12} "III. The trial court erred in labeling appellant as a sexual predator because it did not comply with the statutory requirements contained within R.C. § 2950.09(B)(4) and (E)(2)."
 I.
{¶ 13} In his first assignment of error, Appellant contends the trial court erred in imposing consecutive sentences. We agree.
{¶ 14} Revised Code § 2929.14(E)(4) controls when a trial court may impose consecutive sentences for multiple offenses. R.C. § 2929.14(E)(4) provides:
{¶ 15} AIf multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 A
{¶ 16} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
{¶ 17} A(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
{¶ 18} A(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
{¶ 19} In imposing consecutive sentences, the trial court, at the sentencing hearing, is required to orally make its findings and state its reasons on the record. See State v. Comer,99 Ohio St.3d 467, 2003-Ohio-4165, 793 N.E.2d 473.
{¶ 20} In Comer, supra, the Ohio Supreme Court discussed consecutive sentences and stated:
{¶ 21} "A court may not impose consecutive sentences for multiple offenses unless it `finds' three statutory factors. R.C. § 2929.14(E)(4). First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. * * * Second, the court must find
that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. * * * Third, the court must find
the existence of one of the enumerated circumstances in R.C. §2929.14(E)(4)(a) through (c)." (Emphasis sic.) Id. at ¶ 13,793 N.E.2d 473.
{¶ 22} Thus, the Court in Comer, supra, concluded that "[p]ursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Comer at paragraph one of the syllabus.
{¶ 23} Upon review of the transcript of the sentencing hearing, we find that the trial court failed to make all the required findings as required by R.C. § 2929.14(E)(4). The trial court did state on the record that it found that consecutive sentences were "necessary to protect the public from future acts given [Appellant's] history, length of time here preying upon these children." (Sentencing T. at 17).
{¶ 24} Although the trial court then went on to discuss the facts of this case, which we find would clearly support the sentence imposed, the trial court failed to discuss these facts in the context of R.C. 2929.14(E)(4) to satisfy the second and third prongs of Comer, supra.
{¶ 25} Thus, we remand this matter, to the trial court, for the court to make the requisite findings on the record, under R.C.2929.14(E)(4), as required by the Comer decision.
{¶ 26} Appellant's first assignment of error is sustained.
 II.
{¶ 27} In his second assignment of error Appellant argues that the court's finding that he be classified as a sexual predator was not supported by clear and convincing evidence that he was likely to reoffend. We disagree.
{¶ 28} In determining whether an offender is a sexual predator pursuant to R.C. § 2950.09, the court must consider a number of statutory factors:
{¶ 29} A(a) The offender's age;
{¶ 30} A(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
{¶ 31} A(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
{¶ 32} A(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
{¶ 33} A(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
{¶ 34} A(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
{¶ 35} A(g) Any mental illness or mental disability of the offender;
{¶ 36} A(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 37} A(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
{¶ 38} A(j) Any additional behavioral characteristics that contribute to the offender's conduct.
{¶ 39} In the instant case, at the sentencing and classification hearing, the court reviewed the relevant facts of the case and considered all the factors contained in R.C. § 2950.09(B)(2). The court considered the pre-sentence investigation report, the testimony of Kelly Miller, a probation officer specializing in the field of sexual offenders and her opinion that he was a preferential child molester and recommendation that he be classified as a sexual predator; Appellant's age, that being 39 years old; the tender ages of the victims, that being 15 and 11 when the sexual abuse began; the fact that Appellant was the stepfather of his victims; Appellant's marriage to and relationship with the victims' mother; and the pattern of abuse. (Sentencing T. at 22-23, 27).
{¶ 40} Based on the foregoing, we find that the trial court did not err in classifying appellant as a sexual predator.
{¶ 41} Appellant's second assignment of error is overruled.
 III.
{¶ 42} In Appellant's third assignment of error, he has argued that the trial court did not comply with the statutory requirements of R.C. 2950.09(B)(4) and (E)(2). We agree.
{¶ 43} Specifically, Appellant has contended that: (1) R.C.2950.09(B)(4) requires a trial court to specify in its journal entry of sentencing that Appellant was a sexual predator pursuant to R.C. § 2950.09(B); and (2) R.C. § 2950.09(E) requires a trial court to make a determination regarding Appellant's status as a habitual sex offender.
{¶ 44} R.C. § 2950.09(B)(4) provides, in relevant part:
{¶ 45} "After reviewing all testimony and evidence presented at the hearing conducted [R.C. 2950.09(B)(1)] and the factors specified in [R.C. 2950.09(B)(3)], the court shall determine by clear and convincing evidence whether the subject offender * * * is a sexual predator. If the court determines that the subject offender * * * is not a sexual predator, the court shall specify in the offender's sentence and the judgment of conviction that contains the sentence * * * that the court has determined that the offender * * * is not a sexual predator. If the courtdetermines by clear and convincing evidence that the subjectoffender * * * is a sexual predator, the court shall specify inthe offender's sentence and the judgment of conviction thatcontains the sentence * * * that the court has determined thatthe offender * * * is a sexual predator and shall specify thatthe determination was pursuant to [R.C. 2950.09(B)]. In any case in which the sexually oriented offense in question is an aggravated sexually oriented offense, * * * the court shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the offender's offense is an aggravated sexually oriented offense. * * *." (Emphasis added.)
{¶ 46} Pursuant to R.C. § 2950.09(B)(4) when the trial court finds, by clear and convincing evidence, that the defendant is a sexual predator the court must specify in its journal entry that the defendant is a sexual predator and that said determination was made pursuant to R.C. § 2950.09(B).
{¶ 47} Upon review of the transcript of the sexual predator hearing and the Judgment Entry Following Sexual Predator hearing, we find that the trial court complied with the requirements of R.C. § 2950.09(B)(4) when it found by
{¶ 48} "[C]lear and convincing evidence that the Defendant is a Sexual Predator pursuant to Section 2950.09(B) . . ."
{¶ 49} With respect to Appellant's argument that the trial court also failed to comply with R.C. § 2950.09(E), we find merit in Appellant's argument because the judgment entry of sentencing does not comply with the statutory requirements of that section.
{¶ 50} R.C. § 2950.09(E)(1)(a) provides, in pertinent part:
{¶ 51} "If a person is convicted of or pleads guilty to committing, on or after January 1, 1997, a sexually oriented offense, the judge who is to impose sentence on the offender shall determine, prior to sentencing, whether the offender previously has been convicted of or pleaded guilty to * * * a sexually oriented offense and is a habitual sex offender. * * *"
{¶ 52} Both the Seventh and the Ninth District Courts of Appeals have held that "[w]hen an individual has been convicted of or [pleaded] guilty to a sexually oriented offense, [R.C.2950.09(E)] specifically requires the trial court to make a finding regarding an offender's status as a habitual sex offender." (Alterations added.) See State v. Gopp (2003),154 Ohio App.3d 385, 389, 797 N.E.2d 531 and State v. Rhodes, 7th Dist. No. 99 BA 62, 2002-Ohio-1572, at ¶ 41.
{¶ 53} "A finding as to offender's status as a habitual sex offender must be expressly made regardless of whether the offender was already adjudicated as a sexual predator for the commission of the sexually oriented offense." Gopp,154 Ohio App.3d at 389, 797 N.E.2d 531, quoting Rhodes, 2002-Ohio-1572,
at ¶ 41.
{¶ 54} The court in Rhodes explained that "[w]hile we acknowledge that making a habitual sex offender finding after the court has already stated that the offender is a sexual predator will have no impact on registration requirements, the statute still mandates this finding." Rhodes, 2002-Ohio-1572, at ¶ 41.
{¶ 55} In the case sub judice, the trial court failed to expressly determine Appellant's status as a habitual sex offender. As such, we find that the trial court failed to comply with the requirements of R.C. § 2950.09(E).
{¶ 56} Consequently, Appellant's assignment of error is well taken and the matter is remanded to the trial court with instructions to specifically determine Appellant's habitual sex offender status.
{¶ 57} Appellant's third assignment of error is sustained.
{¶ 58} The decision of the Licking County Court of Common Pleas is affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
Boggins, J., Hoffman, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking, Ohio, is affirmed in part, reversed in part and remanded. Costs assessed equally between Appellant and Appellee.