JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Shigali Jones, appeals the determination of the common pleas court, which classified him as a "sexual predator," pursuant to R.C. 2950.09. Upon review of the record and the arguments of the parties, we affirm the classification.
 {¶ 2} On April 27, 1989, appellant was indicted by the Cuyahoga County Grand Jury on one count of kidnapping, in violation of R.C. 2905.01; one count of aggravated robbery, in violation of R.C. 2911.01; one count of gross sexual imposition, in violation of R.C. 2907.05; one count of aggravated burglary, in violation of R.C. 2911.11; and one count of possessing criminal tools, in violation of R.C. 2923.24. These charges arose from a sexual assault upon a 40-year-old woman.
 {¶ 3} A jury trial commenced on June 5, 1990. During the course of the trial, the court dismissed the one count of aggravated burglary. On June 8, 1990, appellant was found guilty of the remaining charges. He was subsequently sentenced to concurrent prison terms of six to twenty-five years for the kidnapping; six to fifteen years for the aggravated robbery; one year for the possession of criminal tools; and finally, one year for the gross sexual imposition conviction. This court upheld appellant's underlying convictions. See State v. Jones (July 2, 1992), Cuyahoga App. No. 60106.
 {¶ 4} In September 2003, appellant was released from incarceration on parole. On March 2, 2004, the state filed a request for a sexual offender classification hearing, pursuant to R.C. 2950.09. Although the trial court initially scheduled a hearing on April 1, 2004, several continuances were granted, causing delay. The continuances were granted for numerous reasons, including requests by appellant himself and a court ordered psychiatric evaluation. On July 6, 2004, a brief hearing was held, but the matter was again continued pending the resolution of appellant's pending drug trafficking case. The classification hearing was finally held on January 10, 2005, continued, and completed on March 3, 2005. Appellant was found to be a sexual predator. He now appeals, asserting five assignments of error.
 {¶ 5} "I. Under the case known as State v. Taylor (2003),100 Ohio St.3d 172, the trial court erred in ordering the appellant to register as a sexual predator."
 {¶ 6} In his first assignment of error, appellant contends that the trial court erred in ordering his registration as a sexual predator because he was not serving a prison term for a sexually oriented offense on July 1, 1997 or thereafter, as statutorily required. We disagree.
 {¶ 7} Before an offender may be ordered to register as a sexual predator, he must satisfy one of the categories provided in R.C. 2950.04(A). State v. Bellman, 86 Ohio St.3d 208,1999-Ohio-95, 714 N.E.2d 381. According to R.C. 2950.04(A), registration is required when:
 {¶ 8} "(1) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for the sexually oriented offense to a prison term * * * and if, on or after July 1, 1997, the offender is released in any manner from the prison term * * *."
 {¶ 9} Appellant was sentenced in 1990 to concurrent prison terms of up to 25 years on convictions for kidnapping, aggravated robbery, possession of criminal tools, and gross sexual imposition. He was then released on parole in September 2003, well after July 1, 1997. He argues, however, citing State v.Taylor (2003), 100 Ohio St.3d 172, that his one-year sentence for his gross sexual imposition conviction had run and expired June 8, 1991. This court rejects this contention.
 {¶ 10} In State v. Elswick, Cuyahoga App. No. 81509, 2003-Ohio-655, this court held:
 {¶ 11} "It is the defendant's contention that, although he received a total term of incarceration for sexual battery, felonious assault, and aggravated assault, he completed serving the two years imposed on the sexual battery charge by 1989. It follows, he argues, that since he was no longer serving a sentence for a sexually oriented offense, he should not be required to register as a sexual predator. * * * In this case, however, the record reflects that at the time of his sexual predator hearing the defendant was still serving an aggregate term of incarceration for crimes which included a sexuallyoriented offense. (Emphasis added.)
 {¶ 12} "We reject the defendant's assertion that he had completed serving the sexual offense portion of his sentence by 1989. Accord State v. Geran, Butler App. No. CA99-03-054, 2002-Ohio-2599, citing: State v. Anderson, Geauga App. No. 2000-G-2316, 2001-Ohio-7069; State v. Walls (Nov.21, 2001), Cuyahoga App. No. 79196, * * *; and State v. Michaels (Dec. 8, 1999), Summit App. No. 18862, * * *. Having determined that the defendant was in fact still serving an aggregate sentence for a sexually oriented offense, we find that the trial court's order that he comply with the registration required under R.C. 2950 was proper." Id.
 {¶ 13} We continue to reject this argument in this appeal. Appellant served approximately 13 years in prison pursuant to concurrent sentences for convictions that included a sexually oriented offense. Appellant's first assignment of error is without merit.
 {¶ 14} "II. The trial court erred in failing to hold a hearing and make a determination regarding Mr. Jones' classification within one year of Mr. Jones' release from incarceration."
 {¶ 15} Appellant argues in his second assignment of error that the trial court erred in failing to hold a hearing and make a determination as to his sexual offender status within one year of his release from prison as required by statute.
 {¶ 16} R.C. 2950.09(C)(2)(a) provides:
 {¶ 17} "If the department of rehabilitation and corrections sends to a court a notice under division (C)(1)(a) of this section, the court shall conduct a hearing to determine whether the subject offender is a sexual predator. * * * In any case, the court shall not make a determination as to whether the offender is, or is not, a sexual predator without a hearing. The courtmay hold the hearing and make the determination prior to theoffender's release from imprisonment or at any time within oneyear following the offender's release from that imprisonment." (Emphasis added.)
 {¶ 18} Appellant was released from prison in September 2003. Under appellant's argument, the completion of his classification hearing and the final determination did not occur until March 2005, more than one year after his release. However, this assignment of error ultimately fails. First, the hearing was commenced within a year on July 6, 2004, but was continued pending the resolution of appellant's subsequent criminal case. Furthermore, many of the continuances that caused the delay were granted at appellant's request. He cannot now use those same continuances to argue that the hearing was not timely held. Appellant's second assignment of error is also without merit.
 {¶ 19} "III. The trial court's conclusion that Mr. Jones is a sexual predator is not supported by sufficient evidence."
 {¶ 20} In his third assignment of error, appellant asserts that his classification as a sexual predator was not supported by sufficient evidence. In reviewing a claim of insufficient evidence, this court reviews de novo. State v. Thompkins
(1997), 78 Ohio St.3d 380, 386. Review is limited to whether there is sufficient probative evidence to support the trial court's determination. Id.
 {¶ 21} A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). In determining whether an offender is a sexual predator, the court should consider all relevant factors, including but not limited to: the offender's age, prior criminal record regarding all offenses and sexual offenses, the age of the victim, previous convictions, number of victims, whether the offender has completed a previous sentence, whether the offender participated in treatment programs for sex offenders, mental illness of the offender, the nature of the sexual conduct, and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2).
 {¶ 22} After reviewing the factors, the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(B)(3). This standard requires "more than a preponderance of evidence, but not to the extent and certainty as is required beyond a reasonable doubt in criminal cases." State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citingCross v. Ledford (1954) 161 Ohio St. 469. The evidence must be enough to support a firm belief or conviction.
 {¶ 23} When determining whether a person is a sexual predator, the court must consider all relevant factors, including those listed in R.C. 2950.09(B)(2). The statute does not require the court to list the criteria, but only to consider all relevant factors, including the criteria in R.C. 2950.09(B)(2), in making his or her findings. See State v. Cook (1998),83 Ohio St.3d 404, 700 N.E.2d 570.
 {¶ 24} Furthermore, "the Ohio Supreme Court has determined that R.C. Chapter 2950 is remedial in nature and not punitive."State v. Purser, supra, citing State v. Cook,83 Ohio St.3d 404, 1998-Ohio-291, 700 N.E.2d 570. A sexual predator determination hearing is akin to a sentencing hearing where it is well settled that the rules of evidence do not strictly apply as long as the evidence sought to be admitted has some indicia of reliability. State v. Purser, supra, citing State v. Brown,
151 Ohio App.3d, 2002-Ohio-5207, 783 N.E.2d 539; R.C. 2950.09; Evid.R. 101(C).
 {¶ 25} Also, recidivism is not at issue at the trial of one charged with these offenses; recidivism is only at issue at the sexual predator hearing. Purser, supra. "Therefore, a trial court, when conducting a sexual predator hearing, may rely on information that was not introduced at trial. As the Ohio Supreme Court put it, a `judge must consider the guidelines set out in R.C. 2950.09(B)(2), but the judge has discretion to determine what weight, if any, he or she will assign to each guideline. Pursuant to R.C. 2950.09(B)(2), a judge may also consider any other evidence that he or she deems relevant to determining the likelihood of recidivism.'" Id., citing State v. Thompson,92 Ohio St.3d 584, 2001-Ohio-1288, 752 N.E.2d 276, paragraph one of the syllabus.
 {¶ 26} The evidence in this case is clearly sufficient to sustain appellant's sexual predator classification. According to the record, appellant had a juvenile record involving sexual offenses, including a charge of rape for which he was incarcerated at the Cuyahoga Hills Boy's School for nineteen-and-a-half months. That offense involved a nine-year-old girl with whom appellant, twelve at the time, had sex. Around that same time, appellant was also involved in an incident with a 13-year-old boy with whom he had sex.
 {¶ 27} In the incident at bar, appellant was alleged to have fondled the breast of a 40-year-old woman while she was sitting in her vehicle and struck her in the face with a metal object and stole her gold chain. Appellant had just reached the age of majority at the time, and the victim was a stranger. Appellant also allegedly fondled a 28-year-old female in front of a building.
 {¶ 28} In addition, appellant underwent a psychiatric evaluation. As a result of his STATIC 99 testing, he scored a six, which places him in the high-risk category. The test also placed appellant's chances of reoffending in the next 15 years at approximately 50 percent. Appellant was also diagnosed as a cocaine abuser, which correlates with sexual offense recidivism. Clearly, the trial court had sufficient probative evidence to support its classification. Appellant's third assignment of error is overruled.
 {¶ 29} "IV. The trial court erred in not making a finding regarding Mr. Jones' status as a habitual sexual offender."
 {¶ 30} Appellant argues in his fourth assignment of error that the trial court erred in not making a finding regarding his status as a habitual sexual offender. He asserts that R.C.2950.09(E) mandates that with an individual who has been convicted of or pleaded guilty to a sexually oriented offense, the trial court must make a finding regarding the offender's status as a habitual sexual offender. He cites State v.Othberg, Cuyahoga App. No. 83342, 2004-Ohio-6103; State v.Gopp, 154 Ohio App.3d 385, 2003-Ohio-4908; and State v.Rhodes, Belmont App. No. 99 BA 62, 2002-Ohio-1572, as support for this argument. Appellant correctly submits that the trial judge here did not render a finding concerning his status as a habitual sex offender. Appellant's argument, however, is flawed.
 {¶ 31} R.C. 2950.09(E)(1) provides:
 {¶ 32} "If a person is convicted or pleads guilty to committing, on or after January 1, 1997, a sexually oriented offense that is not a registration-exempt sexually oriented offense, the judge who is to impose sentence on the offender shall determine, prior to sentencing, whether the offender previously has been convicted of or pleaded guilty to, or adjudicated a delinquent child for committing, a sexually oriented offense or a child-victim oriented offense and is a habitual sex offender * * *." (Emphasis added.)
 {¶ 33} Accordingly, the above mandatory finding concerns sentences imposed on sex offense convictions that occurred on or after January 1, 1997. Appellant's sentencing occurred prior to January 1, 1997; thus the above statutory requirements do not apply. In appellant's case, the trial court was bound by the dictates of R.C. 2950.09(C)(1). Pursuant to that statutory language, a trial court is statutorily required to make a determination as to whether an offender is a habitual sex offender only if the offender was not found to be a sexual predator. R.C. 2950.09(C)(2)(c). Once the trial court found appellant by clear and convincing evidence to be a sexual predator, the trial court was under no further mandate to continue its analysis. Thus, appellant's argument in his fourth assignment of error is without merit.
 {¶ 34} "V.R.C. 2950.031 violates the due process clauses of the United States and Ohio Constitutions."
 {¶ 35} Appellant's fifth and final assignment of error contends that R.C. 2950.031, Ohio's residency restriction statute violates the due process clauses of the United States and Ohio constitutions.
 {¶ 36} R.C. 2950.031 provides:
 {¶ 37} "(A) No person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to either a sexually oriented offense that is not a registration-exempt sexually oriented offense or a child-victim oriented offense shall establish a residence or occupy residential premises within one thousand feet of any school premises."
 {¶ 38} We find that this final assignment of error, as it currently applies to appellant, lacks ripeness. As the Ohio Supreme Court has held:
 {¶ 39} "Ripeness `is peculiarly a question of timing.'Regional Rail Reorganization Act Cases (1974), 419 U.S. 102,140, 95 S.Ct. 335, 357, 42 L.Ed.2d 320, 352. The ripeness doctrine is motivated in part by the desire `to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * *.' Abbott Labs. v. Gardner (1967),387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 581, 691."State ex rel. Elyria Foundry Co. v. Industrial Comm'n,82 Ohio St.3d 88, 89, 1998-Ohio-366, 694 N.E.2d 459.
 {¶ 40} A review of his circumstances indicate that appellant is currently a resident of the Cuyahoga County jail under a $100,000 bond; therefore, he is not presently subject to the restrictions of R.C. 2950.031, and no actual harm has been inflicted upon him pursuant to that statute. This assignment of error is therefore dismissed for lack of ripeness.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and McMonagle, J., concur.