[Cite as *State v. Savage*, 2012-Ohio-2435.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| V. | ) | CASE NO. 11 MA 163 |
| | ) | |
| DELANO SAVAGE, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 07CR1199A

JUDGMENT:     Affirmed

APPEARANCES:
For Plaintiff-Appellee     Paul Gains
Prosecutor
Ralph M. Rivera
Assistant Prosecutor
21 W. Boardman St., 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant     Delano Savage, Pro-se
#543-766
Grafton Correctional Institution
2500 S. Avon-Belden Rd.
Grafton, Ohio 44044

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: May 30, 2012

DONOFRIO, J.

**{¶1}** Defendant-appellant, Delano Savage, appeals from a Mahoning County Common Pleas Court judgment denying his motion for correction of a void sentence.

**{¶2}** This court set out the underlying facts of this case in *State v. Savage*, 7th Dist. No. 08-MA-54, 2009-Ohio-7011, ¶4-8, appellant's direct appeal:

> On October 11, 2007, Appellant was indicted on four counts of aggravated robbery (counts one through four) and four counts of kidnapping (counts five through eight), with gun specifications for each count. Counts one and five charged Appellant with the aggravated robbery and kidnapping of Cindy Landers. Counts two and six charged Appellant with the aggravated robbery and kidnapping of Greg Beight. Counts three and seven charged Appellant with the aggravated robbery and kidnapping of Steve Courtney. Counts four and eight charged Appellant with the aggravated robbery and kidnapping of John Porinchak.

> On March 10, 2008, the first day of trial, Appellant entered into a written plea agreement with the state that included an agreed prison term of ten years. In exchange for Appellant's plea, the state would dismiss count four of the indictment. On the same day, the state moved to dismiss the gun specifications relating to counts two, three, and six through eight because they would merge at sentencing.

> According to the plea, Appellant would be sentenced to a term of incarceration of four years for each of the aggravated robbery and kidnapping charges, to be served concurrently, and three years for each of the gun specification charges, to be served consecutively and prior to the concurrent sentences. At the plea hearing, counsel for Appellant stated:

> "Also, Your Honor, I've tried to explain this to him, his misunderstanding about the gun specifications, which specifically he could get 21 years on the gun specifications if they do not merge, and

he could get 70 years on the rest of the counts if he's convicted on all counts and specifications, so he's looking at a hundred and-actually, 91 years." (3/10/08 Tr., p. 12.)

The following day, March 11, 2008, Appellant was sentenced to a ten-year prison term in conformance with the plea agreement.

{¶3} We affirmed appellant's conviction and sentence. *Id.*

{¶4} On October 19, 2010, appellant filed a pro se motion to vacate and correct a void sentence arguing that his convictions should have merged. The trial court denied this motion. Appellant did not appeal this judgment.

{¶5} On August 11, 2011, appellant filed a pro se motion for correction of void sentence arguing that his firearm specifications should have merged. The trial court overruled appellant's motion.

{¶6} Appellant filed a timely notice of appeal on September 20, 2011.

{¶7} Appellant, still proceeding pro se, raises two assignments of error. Because his two assignments of error are closely related, we will address them together. They state:

THE TRIAL COURT ERRED WHEN IT SENTENCED MR. SAVAGE TO CONSECUTIVE SENTENCES OF THREE YEARS EACH FOR TWO GUN SPECIFICATIONS WHICH AROSE OUT OF THE SAME INCIDENT IN VIOLATION OF OHIO REVISED CODE §2929.14(D)(1)(b) AND CAUSING HIS CURRENT SENTENCE TO BE VOID.

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED MR. SAVAGE'S MOTION TO CORRECT A VOID SENTENCE.

{¶8} Appellant argues that his sentences are contrary to law because all of his crimes, including the firearm specifications, arose out of the same transaction.

He contends the trial court was required to impose just one sentence for both of the firearm specifications. Because it did not do so, appellant argues that his sentence is void. And because his sentence is void, appellant asserts that he may challenge it on appeal at any time and has not waived this argument. For these reasons, appellant contends that the trial court abused its discretion in denying his motion to correct void sentence.

{¶9} In appellant's direct appeal, *Savage*, ¶28-32, we addressed his argument that his offenses were allied offenses and, therefore, the trial court erred in failing to merge them:

> Furthermore, Ohio courts have upheld plea agreements that included an agreed sentence where a defendant argued on appeal that his plea included allied offenses. *State v. Stansell* (Apr. 20, 2000), 8th Dist. No. 75889; *State v. Henderson* (Sept. 27, 1999), 12th Dist. No. CA99-01-002; *State v. Coats* (March 30, 1999), 10th Dist. No. 98AP-927. The Tenth District Court of Appeals observed in *Coats*:

> "Although there is semantic tension in attempting to reconcile literal applications of the allied offenses statute and the R.C. 2953.08(D) bar to challenge such sentences, practicality and reason dictate enforcement of a valid plea agreement such as that entered into in *Graham*. Since the ultimate purpose of the allied offenses statute is to prevent unfair, cumulative punishments for identical conduct, appellant's express agreement to such a sentence should withstand any attack claiming inequity or unlawfulness in the name of allied offenses." Id. at *4.

> Although we have never squarely addressed the effect of an allied offense challenge to a negotiated sentence, we have rejected a similar challenge based upon a plea agreement that did not contain an agreed sentence. In *State v. Hooper*, 7th Dist. No. 03 CO 03, 2005-Ohio-7084, the defendant pleaded guilty to rape and gross sexual

imposition charges and the trial court imposed maximum consecutive sentences for his crimes. On appeal, Hooper argued that the two crimes were allied offenses of similar import. We held that Hooper waived any error because he voluntarily entered into a plea agreement, and, as a consequence, he 'actively solicited' any alleged error. *Id.*

Finally, "[t]here is no statutory or constitutional prohibition against imposing separate punishments for allied offenses if they are committed independently or with a separate animus. R.C. § 2941.25(B); *State v. Gopp*, 154 Ohio App.3d 385, 2003-Ohio-4908, 797 N.E.2d 531, ¶ 8. *Hooper* at ¶ 19. Like Hooper, Appellant pleaded guilty to committing two separate crimes against each of the three victims. We reasoned in *Hooper* that it is possible to commit two separate crimes, with separate factual circumstances and separate animus, against the same victim 'on or about' the same day. *Id.* Here, Appellant cannot demonstrate that the aggravated robbery and kidnapping crimes for which he was convicted were not committed with a separate animus, because there is no evidence on the record of the facts and circumstances surrounding his crimes.

In summary, Appellant waived his allied offenses argument when he entered his guilty plea in exchange for an agreed sentence, and when [he] failed to raise the argument before the trial court. Moreover, based upon the record before us, Appellant cannot demonstrate that the crimes for which he was convicted were not committed independently and with separate animus.

**{¶10}** Given our express findings in appellant's direct appeal, it would seem that appellant's argument here is barred by the doctrine of res judicata. Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the

trial which resulted in that judgment of conviction or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

{¶11} However, appellant alleges that his sentence is void. Consequently, we will address the merits of his argument. This is because the doctrine of res judicata does not apply to a void sentence. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph three of the syllabus.

{¶12} Pursuant to R.C. 2929.14(B)(1)(a):

Except as provided in division (B)(1)(e) of this section, if an offender who is convicted of or pleads guilty to a felony also is convicted of or pleads guilty to a * * * [firearm specification] the court shall impose on the offender one of the following prison terms:
* * *

(ii) A prison term of three years if the specification is of the type described in section 2941.145 of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the offense and displaying the firearm, brandishing the firearm, indicating that the offender possessed the firearm, or using it to facilitate the offense.

{¶13} A court shall not impose more than one prison term on an offender under division R.C. 2929.14(B)(1)(a) for felonies committed as part of the same act or transaction, except as provided in R.C. 2929.14(B)(1)(g). R.C. 2929.14(B)(1)(b). Although he cites an old version of the statute, this is the language that appellant relies on in arguing that the trial court could not impose sentences for two firearm specifications.

{¶14} But appellant fails to read the statute further. R.C. 2929.14(B)(1)(g) provides:

If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are * * * aggravated robbery * * * and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court *shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications* of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications. (Emphasis added.)

{¶15} In this case, appellant pleaded guilty to three counts of aggravated robbery and four counts of kidnapping. He also pleaded guilty to one firearm specification that was attached to one of the aggravated robbery counts and another firearm specification that was attached to one of the kidnapping counts. Thus, appellant met the terms of the statute and, therefore, could be sentenced on two firearm specifications. Further, per the terms of the statute, not only was the trial court permitted to impose prison terms for two firearm specifications, it was required to do so.

{¶16} As such, appellant's sentence is not void and the trial court did not abuse its discretion in overruling appellant's motion for correction of void sentence.

{¶17} Accordingly, appellant's first and second assignments of error are without merit.

{¶18} For the reasons stated above, the trial court's judgment is hereby

affirmed.

Vukovich, J., concurs.

DeGenaro, J., concurs.