OPINION
{¶ 1} After Defendant entered pleas of guilty to one count of rape and one count of gross sexual imposition, the trial imposed concurrent maximum sentences of ten years for rape and five years for gross sexual imposition. On direct appeal this court reversed Defendant's sentence and remanded the matter for resentencing because the trial court failed to state its reasons for imposing maximum sentences as required by R.C.2929.19(B)(2)(d) State v. Watkins (August 31, 2001), Champaign App. No. 2000-CA-21.
 {¶ 2} On remand from this court, the trial court held a new sentencing hearing on June 4, 2003, at which time the trial court reimposed the same concurrent maximum sentence for each charge: ten years for rape and five years for gross sexual imposition. On May 24, 2004, the trial court filed its judgment entry which contained its findings and reasons supporting its sentence.
 {¶ 3} Defendant has timely appealed to this court. He claims that the sentence imposed by the trial court at resentencing is contrary to law.
 {¶ 4} First Assignment of Error
 {¶ 5} "The trial court erred in imposing a greater than minimum term of imprisonment on each count without making the statutory findings on the record at the sentencing hearing as required by R.C. 2929.14(B)."
 {¶ 6} Defendant argues that because he has not previously served a prison term, the trial court erred in imposing a greater than minimum sentence upon him without first making at least one of the findings specified in R.C. 2929.14(B)(2), which findings must be made orally at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 7} A review of the record reveals that the trial court did not make R.C. 2929.14(B)(2) findings at the June 4, 2003 sentencing hearing. However, in its judgment entry filed May 24, 2004, the trial court found that the shortest prison term was not imposed because "the shortest term demeans the seriousness of the offense and does not adequately protect the public." Thus, while this record demonstrates that the trial court departed from the minimum sentence for both of the reasons sanctioned by R.C. 2929.14(B)(2), Defendant nevertheless argues that the sentence is contrary to law because the court's findings were not made orally at the sentencing hearing as Comer requires.
 {¶ 8} Comer's requirement that the R.C. 2929.14(B) findings be made orally at the sentencing hearing does not apply in this case because this sentencing hearing took place on June 4, 2003, before Comer was decided, and Comer is not to be retroactively applied. State v. Ali,104 Ohio St.3d 328, 2004-Ohio-6592. Moreover, we note that the trial court imposed maximum sentences for each offense, and the court's May 24, 2004 sentencing entry demonstrates that those maximum sentences were based upon at least one of the criteria in R.C. 2929.14(C): that Defendant poses the greatest likelihood of committing future crimes. Under those circumstances R.C. 2929.14(B) does not apply and the trial court was not obligated to make any of the findings in R.C 2929.14(B)(2) when imposing maximum sentences. State v. Evans, 102 Ohio St.3d 240,2004-Ohio-2659.
 {¶ 9} The first assignment of error is overruled.
 {¶ 10} Second Assignment of Error
 {¶ 11} "The trial court erred in imposing the maximum sentence on each count without making the statutory findings on the record at the sentencing hearing or adequately explaining its reasons for each sentence as required by R.C. 2929.14(c) and 2929.19(b)(2)."
 {¶ 12} Defendant argues that the trial court erred in imposing maximum sentences without making the findings required by R.C. 2929.14(C) and giving reasons for those findings on the record at the sentencing hearing pursuant to R.C. 2929.19(B)(2)(d) and (e) Comer, supra.
 {¶ 13} As we previously noted, Comer's requirements that the court's findings be made orally on the record at the sentencing hearing do not apply in this case. Therefore, the only question is whether the trial court, either at the sentencing hearing or in its sentencing entry, made the findings required by R.C. 2929.14(C) in order to impose a maximum sentence, and then gave an appropriate explanation of its reasons for making those findings. R.C. 2929.19(B)(2)(d) and (e).
 {¶ 14} Pursuant to R.C. 2929.14(C), a maximum sentence may be imposed only upon offenders who commit the worst form of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders and upon certain repeat violent offenders. In its sentencing entry filed on May 24, 2004, the trial court stated that the longest prison term was being imposed because "Defendant poses the greatest likelihood of committing future crimes." That finding is sufficient to satisfy the statutory requirement in R.C. 2929.14(C) for imposing a maximum sentence.
 {¶ 15} The trial court also set forth in its sentencing entry the reasons for the sentence it imposed based upon its weighing of the seriousness and recidivism factors in R.C. 2929.12:
 {¶ 16} "MORE SERIOUS — § 2929.12(B):
 {¶ 17} The victims suffered serious psychological and economic harm.
 {¶ 18} The Defendant's relationship with the victims facilitated the offense.
 {¶ 19} The pattern of sexual misconduct by Defendant.
 {¶ 20} "RECIDIVISM MORE LIKELY — § 2929.12(D):
 {¶ 21} The victims suffered serious psychological and economic harm.
 {¶ 22} The Defendant's relationship with the victims facilitated the offense.
 {¶ 23} The pattern of sexual misconduct by Defendant.
 {¶ 24} "REASONS FOR IMPOSING PRISON
1. The sentence does not impose an unnecessary burden on state or local resources.
2. The factors establishing Defendant's conduct is more serious outweigh the factors establishing that Defendant's conduct is less serious.
3. The factors establishing that recidivism is more likely by Defendant outweigh the factors establishing that recidivism is less likely.
4. Defendant's pattern of conduct has become progressively more serious.
5. The relative ages of Defendant and victims.
6. The relationship with victims facilitated offense.
7. The pattern of sexual misconduct by Defendant.
8. There were multiple victims.
9. Defendant's lack of remorse."
 {¶ 25} Several of the court's reasons, particularly its findings pertaining to the likelihood of recidivism by Defendant, support its finding it made pursuant to R.C. 2929.14(C) that Defendant poses the greatest likelihood of committing future crimes. This record more than amply demonstrates the trial court's compliance with R.C. 2929.19(B)(2)(d) and (e).
 {¶ 26} The second assignment of error is overruled.
 {¶ 27} THIRD ASSIGNMENT OF ERROR
 {¶ 28} "The trial court's imposition of the maximum sentence for each count violated appellant's sixth amendment right to trial by jury pursuant to Blakely v. Washington (2004), 124 S.Ct. 2531."
 {¶ 29} Defendant argues that because the findings the trial court made pursuant to R.C. 2929.14(B)(2) in order to support more than the minimum sentence, and because the findings the court made pursuant to R.C.2929.14(C) in order to support maximum sentences were neither facts admitted by him or found by a jury, the sentences violated his Sixth Amendment right to trial by jury and the rule espoused in Blakely v.Washington (2004), 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 andApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed2d 435. Stated differently, Defendant is asking this court to find that part of Ohio's felony sentencing scheme is unconstitutional.
 {¶ 30} Defendant did not raise this issue at anytime in the trial court below. As a result, any error in that regard has been waived and the issue has not preserved for appellate review. State v. Williams
(1977), 51 Ohio St.2d 112; State v. Awan (1986), 22 Ohio St.3d 120; Statev. Barnett (Dec. 28, 2004), Mahoning App. No. 02CA65, 2004-Ohio-7211. The fact that Blakely was not decided until after Defendant's sentencing hearing took place is not significant because the issues reviewed inBlakely were previously reviewed many times by the United States Supreme Court and other federal and state courts. Blakely is only the most recent progeny in a line of cases that includes the seminal case of Apprendi v.New Jersey, supra, which was decided years before Defendant's resentencing hearing. The issue Defendant is now attempting to raise on appeal under Blakely is essentially the same constitutional argument raised in Apprendi. This Sixth Amendment contention clearly could have been raised by Defendant in the trial court below. Constitutional rights, like any other rights, may be lost by a failure to assert them at the proper time. State v. Awan (1986), 22 Ohio St.3d 120. We will not address this constitutional challenge to Ohio's felony sentencing scheme which is being raised for the first time on appeal.
 {¶ 31} The third assignment of error is overruled.
 {¶ 32} Fourth Assignment of Error
 {¶ 33} "The trial court erred in imposing a sentence that is not supported by the record and is contrary to law."
 {¶ 34} Defendant argues that the trial court's maximum sentence is not supported by the record. In claiming that his offense does not merit a maximum sentence, Defendant points out that he has no prior convictions, he voluntarily turned himself into authorities, the prosecutor agreed Defendant has shown genuine remorse, and while incarcerated Defendant has attempted to participate in available sex offender treatment programs.
 {¶ 35} A trial court has broad discretion in fashioning a sentence that complies with the purposes and principles of felony sentencing set out in R.C. 2929.11. State v. Foster, 150 Ohio App.3d 669,2002-Ohio-6783. In exercising that discretion the trial court must consider the seriousness and recidivism factors in R.C. 2929.12, and may consider any other relevant factor. R.C. 2929.12(A).
 {¶ 36} Our standard for reviewing a trial court's sentencing decision is not whether the trial court abused its discretion. Instead, we may increase, reduce or otherwise modify the sentence, or remand the matter for resentencing, only if we clearly and convincingly find that the record does not support the sentencing court's findings under the relevant statute or that the sentence is otherwise contrary to law. R.C.2953.08(G)(2)(a) and (b).
 {¶ 37} As we previously discussed, the trial court made the statutory finding required by R.C. 2929.14(C) in order to impose maximum sentences and gave its reasons for that finding and its sentence pursuant to R.C.2929.19(B)(2)(d) and (e). The presentence investigation report, which the trial court considered, indicates that Defendant admitted sexually molesting his stepdaughters, ages nine and eleven, between August 1999 and March 2000. Defendant was fortythree at the time, and the sexual activity included vaginal rape. Defendant told the mother of the victims that the girls were touching him and he gave in and touched them back. The victims indicated that Defendant threatened them, telling them not to tell their mother or else Defendant would "kill them or something." Defendant denied threatening the victims, but he admitted he told them not to tell what had happened. Defendant told police the victims would initiate the sexual contact and make him touch them and he was not able to stop them. The victims are in counseling and their mother stated that Defendant's crimes would impact them forever.
 {¶ 38} In reviewing and weighing the seriousness and recidivism factors, the trial court found three factors that indicate Defendant's conduct is more serious than conduct normally constituting the offense, and that Defendant is likely to engage in future crimes: (1) the victims suffered serious psychological and economic harm, R.C. 2929.12(B)(2); Defendant's relationship with the victims facilitated the offense, R.C.2929.12(B)(6); and (3) the pattern of sexual misconduct by Defendant. R.C. 2929.12(A). The trial court found no facts indicating that Defendant's conduct is less serious than conduct normally constituting the offense or that Defendant is not likely to commit future crimes.
 {¶ 39} Accordingly, the trial court found that the factors establishing that Defendant's conduct is more serious outweigh the factors establishing that Defendant's conduct is less serious.
 {¶ 40} We noted in our prior decision in this case that the trial court would not have erred in finding that Defendant committed the "worst form of the offense" of rape and gross sexual imposition. State v.Watkins (August 31, 2001), Champaign App. No. 2000-CA-21. Similarly, the trial court found that the factors establishing that recidivism is likely outweigh the factors establishing that recidivism is not likely. In that regard, the trial court found that Defendant lacks genuine remorse. R.C.2929.12(D)(5). Under those facts and circumstances, we cannot clearly and convincingly find that the record does not support the court's finding and sentence. R.C. 2953.08(G)(2).
 {¶ 41} The fourth assignment of error is overruled. The judgment of the trial court will be affirmed.
Fain, J., and Donovan, J., concur.