OPINION
{¶ 1} Appellant, William L. DeLong, appeals from the final judgment of the Montgomery County Common Pleas Court sentencing DeLong to one year for theft, a felony of the fourth degree, and four years for solicitation fraud (prior conviction), a felony of the third degree. Said terms were run concurrently. Further, the court orally ordered restitution in the amount of $11,259.00.
 {¶ 2} DeLong has filed this appeal raising the following two assignments of error:
 {¶ 3} "1. The trial court committed reversible error by applying facts not proven to a jury or admitted by appellant in sentencing appellant.
 {¶ 4} "2. The trial court committed reversible error by not specifying the amount of restitution in its termination entry."
 {¶ 5} On May 25, 2004, a Montgomery County Grand Jury indicted appellant, William L. DeLong, for theft in violation of R.C. 2913.02(A)(3) and solicitation (fraud) in violation of R.C. 1716.14(A)(1). DeLong entered guilty pleas to both counts on June 16, 2004. The court sentenced DeLong to a twelve-month term for theft and a four-year term for solicitation (fraud). The court also orally ordered DeLong to pay restitution in the amount of $11,259.00.
 {¶ 6} On August 11, 2004, DeLong filed a notice of appeal.
 {¶ 7} Appellant's first assignment of error:
 {¶ 8} DeLong argues that the trial court may not consider facts not proven to a jury or admitted by appellant in determining the appropriate sentence under R.C. 2929.12 after Blakely v. Washington (2004),124 S.Ct. 2531. We need not address whether Blakely renders Ohio sentencing guidelines unconstitutional because DeLong waived the issue by failing to raise it at the trial level.
 {¶ 9} The Ohio Supreme Court has stated that "[t]he general rule is that `an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.' * * * Likewise `[c]onstitutional rights may be lost as finally as any others by a failure to assert them at the proper time.' * * * Accordingly, the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court." State v. Awan (1986), 22 Ohio St.3d 120, 122. However, the Supreme Court has cautioned that this waiver doctrine is discretionary and that "[e]ven where waiver is clear, this court reserves the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it." In re M.D. (1988), 38 Ohio St.3d 149, syllabus. However, this "plain error" must be an "obvious" defect in the trial proceeding. State v. Barnes (2002), 94 Ohio St.3d 21, 27.
 {¶ 10} DeLong argues that it would have been futile to raise an objection to his receipt of a sentence beyond the minimum term becauseBlakely had not been decided at the time of DeLong's sentencing. However, the Blakely decision did not create new law but rather merely applied the existing law established in Apprendi v. New Jersey (2000),530 U.S. 466, 490. Therefore, we cannot say that it would have been futile for DeLong's counsel to argue that his sentence of more than the minimum term was unconstitutional under Apprendi. Raising the issue before the trial court would have allowed the trial court to review the law and address the issue. Therefore, we do not find that it would have been futile for DeLong to raise the issue before the trial court and find that by failing to raise the issue, DeLong has waived the issue on appeal.
 {¶ 11} This conclusion is consistent with our recent decisions inState v. Watkins, 2005 WL 67893 (Ohio App. 2 Dist.) 2005-Ohio-1378 andState v. Austin, 2005 WL 567305 (Ohio App. 2 Dist.), 2005-Ohio-1035. DeLong's first assignment of error is without merit and overruled.
 {¶ 12} Appellant's second assignment of error
 {¶ 13} DeLong argues that the trial court committed reversible error by not specifying the amount of restitution to be paid in its termination entry, leaving the entry completely blank as to the amount of restitution. Further, DeLong asserts the trial court failed to order to whom the restitution was to be paid and in what amounts. DeLong argues that these failures violate R.C. 2929.18(A)(1), which states in pertinent part:
 {¶ 14} "Financial sanctions that may be imposed include:
 {¶ 15} "Restitution by the offender to the victim of the offender's crime . . . in an amount based on the victim's economic loss, if the court imposes restitution, the court shall order that the restitution be paid to the victim in open court, to the adult probation department, to the clerk of courts . . . If the court imposes restitution at the sentencing hearing the court shall determine the amount to be paid by the offender . . . If the court decides to order restitution, the court shall hold a hearing on the amount of restitution if the offender disputes the amount . . ."
 {¶ 16} The State of Ohio responds to DeLong's arguments by asserting that the trial court did designate the amount of restitution at the sentencing hearing when the court told DeLong: "You will pay restitution in the amount of $11,259.00 (Tr. 15). Further, as noted by the State of Ohio, the termination entry does designate the restitution `to be paid through the Montgomery County Clerk of Courts.'" (Docket Entry No. 27). The State of Ohio suggests these two orders demonstrate notice to DeLong and compliance with R.C. 2929.18(A)(1). This argument, however, is not persuasive.
 {¶ 17} We note first that DeLong failed to object to the restitution amount at the sentencing hearing and failed to request an evidentiary hearing. His failure to object waives his right to raise this issue on appeal absent plain error. State v. Lawson (1992), 64 Ohio St.3d 336. The plain error standard contains three concepts. First, there must be an error or deviation from a legal rule. Second, that error must be plain, defined as "an obvious defect in the trial proceedings." Lastly, the error must have effected a "substantial right" meaning the error must have effected the ultimate outcome. An error satisfying these three prongs may be corrected if the appellate court finds that a correction is needed to "prevent a manifest miscarriage of justice." State v. Barnes
(2002), 94 Ohio St.3d 21, 27.
 {¶ 18} It is well established that the court speaks only through its journal entries, not by its oral pronouncements. Schenley v. Karth
(1953), 160 Ohio St. 109. It is undisputed that the termination entry herein is blank as to the amount of restitution. The court's oral pronouncement is insufficient. Not only is the amount of restitution not journalized, but the Clerk of Court has no mechanism nor record upon which to determine to whom the restitution is to be paid. The court failed to identify any victims by name at the time of sentencing. (Although the names of individuals or businesses may be in the pre-sentence investigation, it was not made part of the record). Further, the indictment in count one references "owners" and in count two, "multiple victims," thus the charging instrument does not provide the Clerk of Court guidance as to whom restitution is to be distributed. Lastly, at the time of DeLong's pleas, the victims were merely referred to as "owners" and "multiple victims." Tr., pg. 7.
 {¶ 19} There must be sufficient clarity in the court's restitution order. State of Ohio v. Brown, 54 Ohio App.3d 160. Although it may not be necessary to identify each victim by name, particularly in cases with "multiple victims," at a minimum, the total amount must be journalized and a cogent record must exist as to whom said amount shall be distributed. Failure to do so constitutes plain error. Accordingly, DeLong's second assignment of error is sustained.
 {¶ 20} This matter is reversed and remanded for resentencing consistent with this opinion.
Wolff, J. and Young, J., concur.
(Hon. Frederick N. Young sitting by assignment of the Chief Justice of the Supreme Court of Ohio).