OPINION
{¶ 1} Defendant Mark W. Owens appeals a judgment of the Court of Common Pleas of Ashland County, Ohio, which convicted and sentenced him for one count of rape of a person less than thirteen years of age, a first degree felony under R.C. 2907.02. Appellant pled guilty, and the trial court convicted him, determined he is a sexual predator, sentenced him to a maximum term of ten years in prison with sexual offender treatment, and ordered him to pay costs and future restitution. Appellant assigns four errors to the trial court:
 {¶ 2} "I. THE SEXUAL PREDATOR FINDING IS CONTRARY TO LAW AND IS NOT SUPPORTED BY THE RECORD.
 {¶ 3} "II. THE SENTENCE IS BASED ON UNCONSTITUTIONAL STATUTES AND THE CASE MUST BE REMANDED FOR RE-SENTENCING.
 {¶ 4} "III. THE COURT COMMITTED PLAIN ERROR BY SENTENCING MR. OWENS TO MORE THAN MINIMUM PRISON TERMS.
 {¶ 5} "IV. THE SENTENCING COURT COMMITTED PLAIN ERROR BY ISSUING AN ORDER TO PAY UNSPECIFIED RESTITUTION AMOUNTS BASED ON POTENTIAL FUTURE LIABILITY."
 I. {¶ 6} R.C. 2950.09 sets forth the factors a judge must consider in making a determination as to whether an offender is a sexual predator. They are:
 {¶ 7} "(a) The offender's or delinquent child's age;
 {¶ 8} (b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 9} (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 10} (d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 11} (e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 12} (f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 13} (g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 14} (h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 15} (i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 16} (j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 17} The trial court did not cite R.C. 2950.09 by number. Instead, the court listed the factors in its judgment entry, stating it had considered each. Appellant argues the trial court was required to state its determination was made pursuant to division (B) of R.C.2950.09. The statue provides in pertinent part:
 {¶ 18} "* * * If the court determines by clear and convincing evidence that the subject offender or delinquent child is a sexual predator, the court shall specify in the offender's sentence and the judgment of conviction that contains the sentence or in the delinquent child's dispositional order, as appropriate, that the court has determined that the offender or delinquent child is a sexual predator and shall specify that the determination was pursuant to division (B) of this section. * * *"
 {¶ 19} Appellant also argues the trial court failed to comply with R.C. 2950.09 (E), which provides in pertinent part:
 {¶ 20} "If a person is convicted of or pleads guilty to committing, on or after January 1, 1997, a sexually oriented offense, the judge who is to impose sentence on the offender shall determine, prior to sentencing, whether the offender previously has been convicted of or pleaded guilty to * * * a sexually oriented offense and is a habitual sex offender * * *".
 {¶ 21} The State concedes this court has previously found a court commits error in failing to make specific findings pursuant to R.C.2950.09 (B) and (E), see State v. Craig, Licking Appellate No. 2004-CA-00047, 2005-Ohio-81, but the State urges the court's failure to make this determination was harmless because it would have no impact on the registration requirements imposed on appellant when the court found him to be a sexual predator, Craig, paragraph 54, citations deleted.
 {¶ 22} Nevertheless, the statute requires the court to include the findings, and in light of our previous holdings we find the trial court should, on remand, comply with the dictates of the statute.
 {¶ 23} The first assignment of error is sustained in part, and overruled in part as to the finding appellant is an aggravated sexual predator by virtue of his conviction, pursuant to R.C. 2950.01(O).
 II. III. {¶ 24} In his second and third assignments of error, appellant argues his sentence was based upon unconstitutional statutes, and further, the court should have sentenced him to the minimum sentence available.
 {¶ 25} In State v. Foster, 109 Ohio St. 3d 1, 2006-Ohio-856, the Ohio Supreme Court found certain provisions of Ohio's sentencing statute unconstitutional, in light of the United States Supreme Court's ruling in Blakeley v. Washington (2004), 542 U.S. 296, 124 Sup. Ct. 2531, 159 L. Ed. 2d 403. Certain provisions of Ohio's sentencing statutes are unconstitutional because they require judicial fact finding to exceed the sentencing allowed as a result of a conviction or plea. The unconstitutional provisions include the presumption of a minimum sentence under R.C. 2929.14 (B).
 {¶ 26} In order to remedy Ohio's Felony Sentencing Statutes and bring them in line with constitutional requirements, the Ohio Supreme Court severed the offending portions which either create presumptive minimum or concurrent terms or require judicial fact finding to overcome the presumption, Foster at paragraph 97. The Ohio Supreme Court found as a result, "* * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences." Id. at paragraph 100.
 {¶ 27} We conclude appellant's sentence was based upon at least one statutory provision which the Supreme Court has declared unconstitutional and void. Therefore, we must remand the matter to the trial court for a new sentencing hearing.
 {¶ 28} The Foster court found the sentencing court, on remand, must consider the portions of the sentencing code unaffected byFoster, and impose any sentence within the appropriate felony range,Foster at paragraph 105. In State v. Mathis, 109 Ohio St. 3d 54,2006-Ohio-855, decided the same day as Foster, the Supreme Court found the portions of the sentencing code to be considered on remand include the purposes of felony sentencing in R.C. 2929.11, and the seriousness and recidivism factors in R.C.2929.12, see Mathis at paragraph 38. The court must also consider the record, any information presented at the sentencing hearing, the pre-investigation report, and any victim impact statement, Id. at paragraph 37. Finally, the court must be guided by the statutes which are specific to the case itself, Id. at paragraph 38.
 {¶ 29} In the dialogue between the court and appellant at the sentencing hearing on May 11, 2006, the court articulated all the above, but pursuant to Foster, we must remand for a new sentencing hearing.
 {¶ 30} The second assignment of error is sustained. The third assignment of error is premature, because the trial court has yet to impose sentence.
 IV. {¶ 31} In his fourth assignment of error, appellant urges the trial court committed plain error by issuing an order to pay restitution, without specifying the amount of restitution.
 {¶ 32} Appellant cites us to State v. DeLong, Montgomery Appellate No. 20656, 2005-Ohio-1905, wherein the Court of Appeals for Second District reviewed an allegation of plain error in failing to set an amount of restitution or identify the parties to whom the restitution was to be paid. In DeLong, the Court of Appeals found as a general rule, an appellate court may not consider any error which was not called to the trial court's attention at a time when such error could be avoided or corrected by the trial court, DeLong, citing State v. Awan (1986),22 Ohio St. 3d 120, 489 N.E. 2d 277. However, the Supreme Court has found we may find plain error if the court: (1) has made an error or deviation from the legal rule; (2) the error is a obvious defect in the trial proceedings; and (3) the error affect a substantial right, that is, the ultimate outcome. If an error satisfies these three prongs, an appellate court may apply the plain error doctrine if it finds a correction is necessary to prevent a manifest miscarriage of justice, DeLong, citingState v. Barnes (2002), 94 Ohio St. 3d 21, 759, N.E. 2d 1240.
 {¶ 33} R.C. 2929.18 provides the court shall determine the amount of restitution to be made by the offender at sentencing. The amount may not exceed the amount of economic loss suffered by the victim as a direct and proximate result of the commission of the offense.
 {¶ 34} Here, the trial court stated: "The Defendant is ORDERED to pay restitution to the victim for mental health treatment costs, should the victim incur counseling costs. The Court reserves jurisdiction to make further orders regarding the amount and method of payment of that restitution", Judgment Entry of January 30, 2006, emphasis sic.
 {¶ 35} This court recently found an order for restitution is not final if it does not specify the amount of restitution, State v. Russell, Licking App. No. 2006-CA-0071, 2006-Ohio-6012. Here, the court found the victim was only eight years old, but was exhibiting symptoms of serious psychological harm. No doubt it is difficult to determine the cost of the supportive services she will require in the future. Nevertheless, we find the order of the trial court regarding restitution is not specific or capable of being quantified. We find the trial court must reappraise the amount of restitution at the new sentencing hearing on remand.
 {¶ 36} The fourth assignment of error is sustained.
 {¶ 37} For the foregoing reasons, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.
By Gwin, P.J.,
Farmer, J., and
Boggins, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.