OPINION
{¶ 1} Appellant Mark Owens appeals the trial court's imposition of a maximum jail sentence on the basis that it is an unnecessary burden on government resources.
 {¶ 2} Appellant pled guilty to one count of rape, in violation of R.C. § 2907.02(A)(1)(b), a felony of the first degree. The victim's mother spoke at the original sentencing hearing. She stated that she and her daughter, the victim, are afraid of appellant and fear retaliation. January 23, 2006 Sentencing Transcript at 10. Prior to sentencing, the trial court noted the victim was only eight years old at the time of the offense, the victim suffered serious psychological harm and appellant held a position of trust to his victim. T. at 16-17. Further, the trial court stated appellant failed to show any remorse. T. at 18.
 {¶ 3} The trial court convicted appellant, determined he is a sexual predator, sentenced him to a maximum term of ten years in prison with sexual offender treatment, and ordered him to pay costs and future restitution. Appellant appealed his conviction and sentence. This Court in State v. Owens, Ashland App. No. 2006-COA-008, 2006-Ohio-6387
affirmed in part and reversed in part and remanded the case for further proceedings consistent with State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856.
 {¶ 4} On April 2, 2007, the trial court held a resentencing hearing. The trial court sentenced appellant to the maximum of ten years in prison.
 {¶ 5} Appellant now appeals and raises one Assignment of Error:
 {¶ 6} "I. THE IMPOSITION OF A MAXIMUM PRISON SENTENCE IN THIS CASE IS AN ABUSE OF DISCRETION AND IMPOSES AN UNNECESSARY BURDEN ON STATE RESOURCES." *Page 3 
 {¶ 7} In his sole assignment of error, appellant contends that his ten year sentence is an unnecessary burden on state resources. We disagree.
 {¶ 8} This Court has previously addressed this argument in State v.Ferenbaugh, Ashland App. No. 03COA038, 2004-Ohio-977. InFerenbaugh, we held:
 {¶ 9} "R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses. Subsection (A) states as follows, in pertinent part: `Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in section2929.14 to 2929.18 of the Revised Code. The sentence shall not impose an unnecessary burden on state or local government resources.'
 {¶ 10} "The very language of the cited statute grants trial courts discretion to impose sentences. Nowhere within the statute is there any guidelines for what an `unnecessary burden' is."
 {¶ 11} "The record sub judice is devoid of any evidence to support the claim of an `unnecessary burden on the state or local government resources.' In fact, the record indicates appellant's past probation violations have placed a burden on local government resources. * * * This supports the argument in favor of a prison sentence. * * * "Id. at 5-8. See also, State v. Sweet, Ashland App. No. 07 COA 001,2008-Ohio-284, State v. Douglas, Ashland App. No. 04 CA 76, 2005-Ohio3920.
 {¶ 12} We find the trial court's imposition of a jail term was appropriate in this matter, and does not impose an unnecessary burden on state or local resources. The *Page 4 
record reveals that appellant held a position of trust to his eight year old victim. Although appellant is not the victim's natural father, he considered her to be his daughter. Appellant digitally penetrated the victim on at least two occasions; made her watch sexually explicit movies on other occasions; and even admitted to concocting a plan in which he had her play in the sand box so he could later "clean" the sand from her vaginal area so he could be sexually aroused. The victim suffered serious psychological harm from appellant's actions. He did not show any remorse for his actions.
 {¶ 13} The trial court did not abuse its discretion or burden state resources by sentencing appellant to ten years in prison.
 {¶ 14} For the foregoing reasons, appellant's single assignment of error is overruled. The decision of the Ashland County Common Pleas Court is affirmed.
Delaney, J. Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1