[Cite as *State v. Hargrove*, 2014-Ohio-1919.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                               :

      Plaintiff-Appellee,             :

v.                                          :          No. 13AP-615
                                   (C.P.C. No. 12CR-2820)
John W. Hargrove,                           :

      Defendant-Appellant.            :      (REGULAR CALENDAR)

---

D E C I S I O N

Rendered on May 6, 2014

---

*Ron O'Brien,* Prosecuting Attorney, and *Sheryl L. Prichard,*
for appellee.

*Todd W. Barstow,* for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

T. BRYANT, J.

{¶ 1} Defendant-appellant, John W. Hargrove, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas pursuant to jury verdicts finding appellant guilty of one count of theft, a violation of R.C. 2913.02(A)(3), a felony of the fifth degree, and one count of solicitation fraud, a violation of R.C. 1716.14(A)(1), a felony of the fourth degree.

{¶ 2} Both counts against appellant arise from his fund-raising activities on behalf of a purported veteran's organization. Testimony at trial established that appellant registered the trade name Ohio Veteran's Source with the Ohio Secretary of State, but never registered the name as a charitable organization. Appellant established three checking accounts with Huntington Bank in the name of Ohio Veteran's Source. He then engaged in telephone solicitations, mostly from individuals, and mostly procuring small donations. Appellant told potential contributors that his plan for the organization was to produce an informational newsletter to assist veterans in need of assistance to find

housing, employment, or medical treatment. He then used the contributions for his own purposes and never produced the planned newsletter, although appellant stated at trial that he was only prevented from producing the newsletter by his intervening arrest. The state presented evidence of multiple solicitations, including the in-court testimony of contributing victims.

{¶ 3} The trial court refused to merge the two convictions for purposes of sentencing, and sentenced appellant to a 12-month term on the theft offense, and 18 months on the solicitation fraud offense.  Appellant stipulated that he had a prior conviction in 2007 for a similar solicitation fraud offense.

{¶ 4} Appellant brings the following two assignments of error on appeal:

> I.  WHETHER OR NOT THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPOSING SENTENCES FOR PROHIBITED ACTS AND PRACTICES AND THEFT AS THOSE OFFENSES WERE ALLIED OFFENSES OF SIMILAR IMPORT COMMITTED WITH A SINGLE ANIMUS.  THE TRIAL COURT FURTHER ERRED TO THE PREJUDICE OF APPELLANT BY NOT DIRECTING THE STATE TO ELECT ON WHICH OFFENSE CONVICTION WOULD BE ENTERED AND SENTENCE PRONOUNCED.
>
> II.  WHETHER OR NOT THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPROPERLY SENTENCING HIM TO CONSECUTIVE TERMS OF INCARCERATION IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES.

{¶ 5} Appellant's first assignment of error addresses the trial court's refusal to merge the two charged offenses as allied offenses of similar import committed with a single animus. R.C. 2941.25 governs the treatment of such allied offenses:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

In considering pursuant to the statute whether offenses are allied offenses of similar import and subject to merger, "the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. * * * If the offenses correspond to such a degree that conduct of the defendant constituting the commission of one offense constitutes the commission of the other, then the offenses are of similar import." *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, ¶ 48.  If the offenses can be committed by the same conduct, then "the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.' " *Id.* at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, ¶ 50.  If the offenses are committed separately, or if the defendant has a separate animus for each offense, then the offenses will not merge under R.C. 2941.25(B).  *Id.* at ¶ 51.  Conversely, if the offenses are committed by the same conduct with a single animus, the offenses will merge. *Id.* at ¶ 50.

{¶ 6}   We note that the question of whether a violation of R.C. 1716.14 (prohibited acts and practices in the course of charitable solicitations) and a related violation of R.C. 2913.02 (theft) constitute allied offenses of similar import appears to be a matter of first impression before Ohio appellate courts, at least as a disputed issue assessed pursuant to *Johnson*.  This is because, in the only recent decision on point, the pre-*Johnson* case of *State v. DeLong*, 2d. Dist. No. 20656, 2005-Ohio-1905, the court affirmed, without discussion, the trial court's failure to merge these two crimes. There is no indication that the question was contested on appeal, and the case thus provides no guidance beyond its bare holding.

{¶ 7}   For the reasons given below, we conclude that these two offenses as committed in the present case are not allied offenses because the offenses do not "correspond to such a degree that conduct of the defendant constituting the commission of one offense constitutes the commission of the other." *Johnson* at ¶ 48. We conclude, as did the trial court, that the solicitation fraud in this case, which consisted of deceptive promises and assurances made while engaging in telephone solicitation, constitutes a sufficiently distinct act from the purposeful obtention of property belonging to others, i.e., the actual acceptance and subsequent misuse of contributed money even if the crimes are otherwise enhanced by or founded upon the same misappropriated sums.

{¶ 8} In order to prove the charged theft offense, the state was held to prove that appellant, with purpose to deprive the owner of property with a value between $1,000 and $7,500, knowingly obtained or exerted control over the rightful owner's property by deception and during the course of criminal conduct. R.C. 2913.02; (R. 2.) In order to prove the charged offense of solicitation fraud under R.C. 1716.14, the state was held to show that appellant, while planning, conducting, or executing any solicitation of contributions for a charitable organization, committed a deceptive act or practice, that the value of the resulting contributions was more than $1,000 and less than $7,500, and that appellant had previously been convicted of a violation of R.C. 1716.14. R.C. 1716.14(A)(1) and 1716.99(B)(2)(b); (R. 2.)

{¶ 9} Examining the elements of these crimes as they are defined in the statute, and appellant's actual conduct as required by *Johnson*, it is apparent that the offense of solicitation fraud, unlike the offense of theft, does not require the intent to purposefully deprive the owner of property. It only requires commission of a deceptive act while soliciting contributions. It is possible to commit the theft offense without committing prohibited acts and practices as defined by R.C. 1716.14, and conversely, it is possible to commit theft without committing solicitation fraud during the course of charitable solicitations.

{¶ 10} Appellant particularly stresses in this appeal that the state presented no evidence to separately substantiate the predicate threshold monetary amounts for each crime — that is, he asserts that the state is using the same dollars twice. While this may be true, it does not mandate a finding that the offenses must merge.

{¶ 11} It is accurate that the degree of the theft offense and the solicitation fraud offense are determined, respectively, by the value of the property stolen or the contributions received. Theft of an amount under $1,000 would constitute only the first-degree misdemeanor of petty theft rather than the fifth-degree felony charged here. R.C. 2913.02(B)(2). Receipt of contributions totaling less than $1,000 would support a fifth-degree rather than fourth-degree felony for an offender with a prior solicitation fraud conviction. R.C. 1716.99(B)(2). However, the overlapping of one element or enhancing factor between two crimes, both in their statutory definition and the defendant's conduct,

does not mandate merger of the offenses where the other elements and conduct are distinct. *State v. West*, 10th Dist. No. 11AP-548, 2013-Ohio-942, ¶ 22.

{¶ 12} Because we find that the offenses as committed in the present case do not constitute allied offenses of similar import, the trial court did not err in refusing to merge the two convictions for sentencing. Appellant's first assignment of error is accordingly overruled.

{¶ 13} Appellant's second assignment of error asserts that the trial court erred when it did not make the required findings under R.C. 2929.14(C) before sentencing him to consecutive sentences in derogation of the presumption in favor of concurrent sentences. The state concedes that, pursuant to our recent decisions in *State v. Wilson*, 10th Dist. No. 12AP-551, 2013-Ohio-1520, and *State v. Bender*, 10th Dist. No. 12AP-934, 2013-Ohio-2777, the trial court's failure to make the statutorily-required findings constitutes plain error. We note that the state has fully argued and preserved for further appeal the question of whether *Bender* and *Wilson* correctly state the law of Ohio on this question. We further note that appellant in the present case did not object to the trial court's failure to make the statutorily-required findings. In accordance with our recent decisions, however, the record requires a reversal of the trial court's imposition of consecutive sentences and a remand to the trial court for re-sentencing. *Wilson* at ¶ 22. Appellant's second assignment of error is sustained.

{¶ 14} In accordance with the foregoing, appellant's first assignment of error is overruled and the second assignment of error is sustained. The matter is remanded to the Franklin County Court of Common Pleas for re-sentencing in compliance with the mandates of R.C. 2929.14(C).

*Judgment affirmed in part and reversed in part;*
*cause remanded*

CONNOR, J., concurs.
KLATT, J., concurs in part and dissents in part

T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

KLATT, J., concurring in part and dissenting in part.

{¶ 15} I agree with the majority opinion that the trial court erred when it imposed consecutive sentences without making the findings required by R.C. 2929.14(C). However, unlike the majority, I believe the trial court erred when it refused to merge the solicitation fraud and theft convictions for purposes of sentencing. Therefore, I respectfully dissent from that portion of the majority opinion.

{¶ 16} Pursuant to *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, in considering whether offenses are allied offenses of similar import and subject to merger, "the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. * * * If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import." *Id.* at ¶ 48. If the offenses can be committed by the same conduct, then "the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.' " *Id.* at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, ¶ 50. If the offenses are committed by the same conduct with a single animus, the offenses will merge. *Id.* at ¶ 50.

{¶ 17} The majority correctly notes that the elements of the theft offense, R.C. 2913.02, and the elements of the solicitation fraud, R.C. 1716.14, are different. The majority states that it is possible to commit the theft offense without committing the solicitation fraud offense, and conversely, it is possible to commit theft without committing solicitation fraud during the course of charitable solicitations. Because these offenses have different elements, the majority concludes that these offenses do not merge.

{¶ 18} The analysis employed by the majority conflicts with *Johnson*, wherein the court expressly stated that "the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. * * * If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import." *Id.* at ¶ 48.

{¶ 19} Here, solicitation fraud and theft can be committed with the same conduct. I believe appellant committed these offenses by the same conduct with a single animus.

Both convictions arose from appellant's telephone solicitations on behalf of a purported veterans organization. Both convictions were premised upon the same misappropriated funds. I see nothing in the record that would indicate that these offenses were not committed with a single animus. For this reason, I believe these offenses should merge for purposes of sentencing. Because the majority reaches a contrary conclusion, I respectfully dissent.

_____